IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WARREN SKILLERN,

  Plaintiff,

v.            CIVIL ACTION NO.: CV611-112

DOCTOR BROOM and JOHN PAUL,

  Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. Plaintiff filed a motion to proceed *in forma pauperis* in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

AO 72A
(Rev. 8/82)

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Skillern v. Gault, No. 02-13176-A (11th Cir. Aug. 27, 2002) (appeal dismissed as frivolous); (2) Skillern v. Georgia Department of Corrections, CV202-64 (N.D. Ga. Sept. 4, 2002) (dismissed for failing to state a claim); and (3) Skillern v. Moss, No. 03-10500-I (11th Cir. June 3, 2003) (appeal dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff briefly states that Defendants "continue to deprive me of medical care for my heart disease, bone joint degeneration, skin disease, cataracts . .

. and starvation." (Doc. No. 1, p. 1). This is the entirety of Plaintiff's claims set forth in his Complaint.

At the time he filed his Complaint, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint[1], which was filed on October 12, 2011. Plaintiff should not be considered to meet the exception to the three strikes rule. In fact, Plaintiff's assertions echo his repeated attempts to circumvent the three strikes rule, and, at the same time, undermine his ability to do so.[2] Plaintiff's request to proceed *in forma pauperis* is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED and REPORTED and RECOMMENDED**, this 31st day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff filed a Motion to Amend his Complaint in which he states that an officer took him to the infirmary, but, instead of seeing Doctor Broom, he was seen by a woman named "Chavez". Plaintiff contends that "Chavez" examined him against his will. These assertions do not reveal that Plaintiff was in imminent danger of serious physical injury at the time he filed his Complaint. Plaintiff's Motion to Amend is **DENIED**.

[2] See Case Number CV610-14, filed on January 29, 2009, in which Plaintiff alleged that he would have another heart attack due to the Defendants' action; Case Number 610-65, filed on July 20, 2010, in which Plaintiff stated that the Defendant's misconduct stressed him and taxed his weak heart, which caused him to fear he will have another heart attack; and Case Number CV611-5, filed on January 21, 2011, in which Plaintiff admitted to being provided with food but refused to eat it. The Court found in each of these cases that Plaintiff was not in imminent danger of serious physical injury at the time he filed his Complaint.

AO 72A
(Rev. 8/82)